United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Larry D. Ragsdale                                    Case No. 02-48493R
           Debtor.                          Chapter 7
_____/

Wendy Turner Lewis, Trustee
           Plaintiff,

v.                                                   Adv. Proc. 05-4065

Katherine Ragsdale and Margaret Ragsdale, et al.,
           Defendants.
_____/

Opinion Regarding Katherine and
Margaret Ragsdale's Motion for Sanctions
[Not for Publication]

      Defendants Katherine and Margaret Ragsdale filed a motion for sanctions against the trustee, Wendy Turner Lewis, and her attorney, Thomas Budzynski. The motion asserts that the trustee's claims in Count V of the amended complaint were not warranted by existing law. Additionally, the Ragsdales assert that the motion for turnover and the complaint were filed for an improper purpose - to harass the debtor by filing a complaint against his daughters. A response was filed denying that the motion and complaint were not warranted.

I.

      On April 16, 2001, Katherine and Margaret Ragsdale purchased property from the debtor, Larry Ragsdale, who is their father. On April 10, 2002, Larry Ragsdale filed a chapter 13 bankruptcy petition.

On June 10, 2002, the case was converted to chapter 7. On June 24, 2002, Wendy Turner Lewis was appointed the chapter 7 trustee. On November 2, 2004, the trustee filed a motion for turnover of the property of the Carol G. Ragsdale Trust, established by the debtor's late wife. The Court concluded that this motion should be treated as an adversary proceeding complaint. On January 24, 2005, the trustee filed an amended complaint, adding Count V, asserting for the first time a fraudulent conveyance claim against Katherine and Margaret Ragsdale, relating to April 2001 purchase of property from their father.

Katherine and Margaret Ragsdale filed a motion to dismiss Count V of the amended complaint as time barred by 11 U.S.C. § 546(a). Turner Lewis argued that the two year statute of limitations found in § 546 is not applicable because M.C.L. § 566.31, et seq., contains a six year statute of limitations. Turner Lewis argued that she brought her cause of action directly pursuant to M.C.L. § 566.31, et seq., bypassing 11 U.S.C. § 544. The Court rejected the trustee's arguments on the grounds that the only means for the trustee to bring a claim pursuant to M.C.L. § 566.31, et seq., is through the "strong-arm" provisions of § 544. Accordingly, the Court held that the complaint was untimely pursuant to § 546(a), and dismissed that count of the complaint.

Following the Court's dismissal of the amended complaint against them, Katherine and Margaret Ragsdale filed this motion for sanctions against Turner Lewis and Budzynski.

II.

Federal Rule of Bankruptcy Procedure 9011 provides:

> (b) Representations to the Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and

2

belief, formed after an inquiry reasonable under the circumstances,—

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr. P. 9011.

> Sanctions under Bankruptcy Rule 9011 are appropriate where an attorney has advanced an argument "not well grounded in fact or warranted by existing law or a good faith argument for the extension or modification, or reversal of existing law." [*Mapother & Mapother, P.S.C. v. Cooper* (*In re Downs*)], 103 F.3d [472,] 481; *see also White v. Creditors Serv. Corp.* (*In re Creditors Serv. Corp.*), 207 B.R. 567 (Bankr. S.D. Ohio 1997) ("Sanctions must be assessed where no evidence supports the attorney's claim for relief.") The inquiry to be made is whether the attorney's actions were reasonable at the time the attorney engaged in the questioned conduct. *Silverman v. Mutual Trust Life Ins. Co.* (*In re Big Rapids Mall Assocs.*), 98 F.3d 926, 930 (6th Cir.1996).

*Corzin v. Fordu* (*In re Fordu*), 209 B.R. 854 (B.A.P. 6th Cir. 1997), rev'd in part, on other grounds, 201 F.3d 693 (6th Cir. 1999).

III.

In response to the motion for sanctions, Budzynski argued for the first time that his complaint was within the statute of limitations because the two year statute of limitations was tolled by the filing of a second bankruptcy petition. Budzynski also submitted a post-hearing brief asserting this argument. However, Budzynski cited no authority for this proposition.

Section 546(a) of the Bankruptcy Code provides:

> An action or proceeding under section 544, 545, 547, 548, or 553 of this title [11 U.S.C. § 544, 545, 547, 548, or 553] may not be commenced after the earlier of--
>
> (1) the later of--
>     (A) 2 years after the entry of the order for relief; or
>     (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
> (2) the time the case is closed or dismissed.

11 U.S.C. § 546(a).

> The plain language of Section 546(a) makes it clear that the statute of limitations runs from the date the first trustee is appointed. Any subsequently appointed trustee is subject to the original statute of limitations and does not receive a new period within which to initiate avoidance actions. *McCuskey v. Central Trailer Services, Ltd.,* 37 F.3d 1329, 1332 (8th Cir.1994) (citing *Ford v. Union Bank (In re San Joaquin Roast Beef),* 7 F.3d 1413, 1416 (9th Cir.1993)).

*In re Bodenstein*, 253 B.R. 46, 50 (B.A.P. 8th Cir. 2000). *See also Lindquist v. FMB-First Michigan*

*Bank* (*In re Dryland Marina, Inc.*), 180 B.R. 487 (Bankr. W.D. Mich. 1995) (no tolling during subsequent bankruptcy).

In order to determine whether Turner Lewis initiated the adversary proceeding against Katherine and Margaret Ragsdale in a timely manner, the Court must apply the formula set forth in § 546(a). Under subpart (1)(A), the first determination is the date that is two years from the order for relief. Larry Ragsdale filed his petition on April 10, 2002. The order for relief was entered that same day. The period of two years after the entry of the order for relief expired on April 10, 2004.

Under subpart (1)(B), the next determination is one year from the appointment of the first trustee, if that appointment occurred before the expiration of the time period in (1)(A). Because this case was initially filed as a chapter 13, the first trustee was appointed the same day. Therefore, the § 546(a)(1)(B) deadline would have been April 10, 2003.

The later of these two dates is April 24, 2004. Accordingly, the time to initiate an avoidance action expired on April 10, 2004.

Filing parties are not generally responsible for investigating affirmative defenses. However, when the law is clear and the filing party should know that the claim will not succeed, sanctions may be appropriate. *Brubaker v. City of Richmond*, 943 F.2d 1363, 1370-71 (4th Cir. 1991), *White v. General Motors Corp.*, 908 F.2d 675, 682 (10th Cir. 1990). "[P]art of a reasonable attorney's prefiling investigation must include determining whether any obvious affirmative defenses bar the case." *White*, 908 F.2d at 682. An attorney "runs the risk of sanctions if her only response to an affirmative defense is unreasonable." *Id*. Although this is an adversarial process, where parties may exude obvious bias and advocacy for their positions without concern, there is a line that is crossed when frivolous claims are

knowingly filed that waste valuable time and resources.

The Court must conclude that Budzynski's argument that the statute of limitations had not expired is not only incorrect, but is also "not well grounded in fact or warranted by existing law or a good faith argument for the extension or modification, or reversal of existing law." *Downs*, 103 F.3d at 481. Katherine and Margaret Ragsdale incurred damages in defending a frivolous lawsuit. Accordingly, sanctions are warranted.

The Ragsdale's attorney attached to his brief billing statements totaling $11,418.29 for fees and costs relating to this litigation. The response to the motion asserted no objection to that amount. The Court has reviewed the billing statements and concludes that this request should be reduced to $9,000.00 for two reasons. First, the statements group all services performed on a given day, which makes it difficult to determine the reasonableness of the time spent on particular services. Second, it appears that some services were performed for which the trustee and her counsel should not justly be held accountable, such as the services performed in pursuing a motion to withdraw the reference.

The Court will enter an appropriate order.

**Entered: October 04, 2005**

                                              **/s/ Steven W. Rhodes**
                                            **Steven W. Rhodes**
                                            **Chief Bankruptcy Judge**